Paul H. Kochanski
Kendall K. Gurule
LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
20 Commerce Drive
Cranford, NJ 07016
Tel:    908.654.5000
Fax:   908.654.7866

*Attorneys for Plaintiff Phytoceuticals, Inc.*

**Document Filed Electronically**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHYTOCEUTICALS, INC, | : |
| Plaintiff, | : Civil Action No. |
| | : |
| v. | : |
| | : |
| BODY DYNAMICS, INC., | : |
| Defendant. | : |
| | x |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff Phytoceuticals, Inc. ("Plaintiff" or "Phytoceuticals"), by way of its complaint against Defendant Body Dynamics, Inc. ("Defendant" or "Body Dynamics"), alleges and avers as follows:

## NATURE OF ACTION

1.  This is an action seeking, *inter alia*, pecuniary, and injunctive relief from acts of the Defendant arising under the Trademark and Unfair Competition Laws of the United States, including trademark infringement under 35 U.S.C. § 1114 and false advertising under Section 43(a) of the Trademark Act, 15 U.S.C. § 1125(a), and the Unfair Competition Laws of the State of New Jersey.

2. In addition, by this action, Plaintiff seeks declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the Trademark Law of the United States, 15 U.S.C. § 1051 *et seq*.

## PARTIES

3. Plaintiff Phytoceuticals, Inc. is a New Jersey corporation with a principal place of business located at 37 Midland Avenue, Elmwood Park, NJ 07407.

4. Upon information and belief, Defendant Body Dynamics, Inc. is a Texas corporation having a principal place of business at 2034 Statler Drive, Carrollton, TX 75007 and a mailing address of P.O. Box 110081, Carrollton, TX 75011.

5. Upon information and belief, Defendant regularly conducts business in this District in that it has sold its products to consumers throughout the United States including in New Jersey and continues to offer its products for sale online for purchase by consumers throughout the United States, including in New Jersey.

6. Upon information and belief, Defendant has also entered into business arrangements with business entities in New Jersey in order to facilitate distribution and sales of its products.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this dispute pursuant to 35 U.S.C. §§ 1331, 1338(a), and 15 U.S.C. § 1121 as a case arising under the Trademark and Unfair Competition laws of the United States and pursuant to 28 U.S.C. §§ 2201 and 2202 under the Declaratory Judgment Act.

8. The Defendant is subject to personal jurisdiction of this Court.

9. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c).

**BACKGROUND**

10. Plaintiff Phytoceuticals, Inc. is recognized worldwide as a developer of outstanding skincare products which are offered in the United States and throughout the world in connection with its PHYTOCEUTICALS trademark.

11. Specifically, Plaintiff uses its PHYTOCEUTICALS trademark in connection with skincare products including cleansers, moisturizing creams, serums, masks, and toners.

12. Plaintiff's PHYTOCEUTICALS trademark was adopted in 1995 and has been continuously used by Plaintiff since that time.

13. Since 1995 and continuing to the present, Plaintiff has enjoyed considerable success in the sales of its products in commerce in connection with the PHYTOCEUTICALS trademark with the result that Plaintiff enjoys substantial sales of its goods under such trademark.

14. Since 1995 and continuing to the present, Plaintiff has advertised and promoted its goods under the PHYTOCEUTICALS trademark.

15. Since 1995, Plaintiff has expended substantial time, effort, and funds to promote the sale and quality of its goods in connection with the PHYTOCEUTICALS trademark. As a result, Plaintiff has established substantial goodwill and a trusted and positive reputation both domestically and internationally over the course of the last 25 years in connection with the PHYTOCEUTICALS trademark.

16. Plaintiff's PHYTOCEUTICALS trademark was registered on August 27, 2019 with the United States Patent and Trademark Office ("USPTO") as U.S. Trademark Reg. No. 5,844,074 in connection with beauty serums, non-medicated skin serums, skin creams, sun creams, skin cleansers, facial lotions, eye creams, eye gels, facial moisturizing creams, beauty gels, and cosmetic creams.

17. Upon information and belief, Defendant Body Dynamics is a Texas-based retailer and wholesaler dedicated to selling various health and beauty supplements and cosmetic products.

18. Upon information and belief, Defendant allegedly began in January 2014 selling skincare products such as body firmer, cleansers, serums, firming creams, body scrubs, moisturizing creams, masks, and toners under the trademark SKIN DRINK PHYTOCEUTICALS.

19. Defendant identifies SKIN DRINK PHYTOCEUTICALS as a trademark on its products by identifying such term through the use of the "TM" symbol.

20. By adopting the SKIN DRINK PHYTOCEUTICALS trademark, Defendant has adopted Plaintiff's corporate name in its entirety.

21. Defendant lists its products sold under the SKIN DRINK PHYTOCEUTICALS trademark online for direct sales to consumers via its website https://www.bodydynamics.com/store/index.html.

22. Defendant's website is accessible throughout the United States and offers Defendant's SKIN DRINK PHYTOCEUTICALS trademark products for sale and delivery by mail in numerous states, including in New Jersey.

23. Upon information and belief, Defendant is also a wholesaler of the SKIN DRINK PHYTOCEUTICALS products, and distributes its products through 100 or more retailers both online and in stores based in at least 15 states including retailers in New Jersey.

24. In February 2020, Plaintiff became aware that Defendant was selling products under the SKIN DRINK PHYTOCEUTICALS trademark on Defendant's own website, as well as on websites of major retailers such as Sears and AMAZON website.

25. Defendant is selling products bearing the SKIN DRINK PHYTOCEUTICALS trademark which are of the same category, type, name, and use as Plaintiff's products bearing its PHYTOCEUTICALS trademark. Specifically, Defendant and Plaintiff are both selling skincare products including at least cleansers, moisturizing creams, serums, masks, and toners.

26. Both Plaintiff and Defendant sell their trademarked products online through websites directed towards providing natural health and skincare products.

27. Further, upon information and belief, instances of actual confusion have occurred where prospective customers have inquired about Defendant's SKIN DRINK PHYTOCEUTICALS products on Plaintiff's website.

28. On February 24, 2020, Plaintiff's counsel sent a letter notifying Defendant of Plaintiff's trademark rights and requesting that Defendant cease and desist from use of the SKIN DRINK PHYTOCEUTICALS trademark in connection with sales of its products.

29. On March 9, 2020, Defendant filed Cancellation Proceeding No. 92072677 with the USPTO seeking to cancel Plaintiff's registered PHYTOCEUTICALS trademark on the grounds that Plaintiff's trademark is merely descriptive or generic.

**FIRST CLAIM FOR RELIEF**
<u>Trademark Infringement</u>

30. Plaintiff repeats, reiterates, and realleges each and every allegation previously set forth in this Complaint in paragraphs 10-29, as if fully set forth herein.

31. Plaintiff has acquired substantial and valuable goodwill among the public and in the marketplace as a result of its 25 years of use and promotion of the PHYTOCEUTICALS trademark in connection with skincare products.

32. By Defendant's use of the SKIN DRINK PHYTOCEUTICALS trademark on skincare products, such products travel in the same channels of trade since the goods of Plaintiff and Defendant are overlapping.

33. Defendant's trademark SKIN DRINK PHYTOCEUTICALS is highly similar in overall impression to Plaintiff's trademark as it actually incorporates the entirety of Plaintiff's trademark.

34. Defendant's use of the SKIN DRINK PHYTOCEUTICALS trademark constitutes an infringement of Plaintiff's trademark PHYTOCEUTICALS in that it is likely to cause and has actually caused confusion and mistake in the minds of consumers and users as to the source of such goods.

35. Defendant's use of the SKIN DRINK PHYTOCEUTICALS trademark in connection with sales of these products would lead to a likelihood of confusion in the marketplace as to the origin of the products.

36. Defendant, by use of the SKIN DRINK PHYTOCEUTICALS trademark, is trading on Plaintiff's goodwill and reputation.

37. Defendant has received actual written notice of Plaintiff's rights on February 24, 2020, and therefore, has full knowledge of Plaintiff's rights in the trademark PHYTOCEUTICALS. Defendant has continued to violate Plaintiff's rights notwithstanding such notice.

38. Additionally, on March 9, 2020, Defendant sent a letter notifying Plaintiff of the filing of the Cancellation Proceeding and that Defendant would not cease and desist from using the SKIN DRINK PHYTOCEUTICALS trademark.

39. Notwithstanding Plaintiff's advising Defendant of its infringing acts, Defendant continues to use the SKIN DRINK PHYTOCEUTICALS trademark in connection with sales of skincare products as of the date of filing of this Complaint.

40. Defendants' activities complained of constitute acts of willful infringement of Plaintiffs' federal trademark registration in total disregard of Plaintiffs' rights.

41. Defendants' infringing activities will continue, and have continued, despite Defendant's knowledge that the PHYTOCEUTICALS trademark is federally registered.

42. Such conduct by the Defendant has caused, and will continue to cause, substantial and irreparable harm to Plaintiff unless enjoined by this Court.

43. Plaintiff is without an adequate remedy of law.

## SECOND CLAIM FOR RELIEF
### False Advertising: Section 43(a) of the Trademark Act, 15 U.S.C. § 1125(a)

44. Plaintiff repeats, reiterates, and realleges each and every allegation previously set forth in this Complaint, in paragraphs 10-43, as if fully set forth herein.

45. Defendant's use of the trademark SKIN DRINK PHYTOCEUTICALS for skincare products are confusingly similar to and competitive with Plaintiff's use of the PHYTOCEUTICALS trademark for such goods.

46. Defendant, by use of the SKIN DRINK PHYTOCEUTICALS trademark has affixed, applied, annexed, or used in connection with the sale of its goods a false designations of origin and false descriptions and representations, which tend to falsely describe or represent Defendant's goods, and Defendant has caused its goods to enter in commerce with full knowledge of the falsity of such designations of origin, and of such descriptions and representations, all to the detriment and damage of Plaintiff.

47. In particular, the sale and offering for sale of Defendant's goods under the trademark SKIN DRINK PHYTOCEUTICALS in commerce and the overall similarity of the goods to Plaintiff's goods offered under the corporate name Phytoceuticals, Inc. and trademark PHYTOCEUTICALS, constitutes a false description or representation tending to falsely describe or request the goods sold by Defendant as goods endorsed, sponsored, and/or authorized by Plaintiff.

48. Upon information and belief, Defendant's adoption of the confusingly similar trademark was with the express intent to cause confusion and mistake, to deceive and to mislead the trade and purchasing public, to trade upon the reputation and goodwill of Plaintiff, and to improperly appropriate valuable property rights of Plaintiff.

49. Defendant's conduct, as set forth herein, constitutes false designations of origin in violation of § 43(a) of the Trademark Act (15 U.S.C. § 1125(a)).

50. Such conduct has caused, and will continue to cause, substantial and irreparable harm to Plaintiff unless enjoined by the Court.

51. Plaintiff is without an adequate remedy of law.

**THIRD CLAIM FOR RELIEF**
**Common-Law Unfair Competition**

52. Plaintiff repeats, reiterates, and realleges each and every allegation previously set forth in this Complaint, in paragraphs 10-51, as if fully set forth herein.

53. Defendant by its acts herein alleged above, have willfully, knowingly, and intentionally engaged in acts constituting unfair competition under the common law of the State of New Jersey against Plaintiff, by, among other things, adopting the trademark SKIN DRINK PHYTOCEUTICALS in connection with skincare products and selling such goods in a manner which will undermine Plaintiff's position in the marketplace.

54. The conduct of Defendant as set forth herein has caused and continues to cause substantial and irreparable harm to Plaintiff unless enjoined by this Court.

55. Plaintiff is without adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
### Declaration that U.S. Trademark Reg. No. 5,844,074 is Valid & Should Not Be Cancelled

56. Plaintiff repeats, reiterates, and realleges each and every allegation previously set forth in this Complaint, in paragraphs 10-55, as if fully set forth herein.

57. Defendant filed Cancellation Proceeding No. 92072677 with the USPTO seeking to cancel Plaintiff's PHYTOCEUTICALS trademark on the grounds that, allegedly, Plaintiff's trademark is merely descriptive or generic.

58. As a consequence of the filing of the Cancellation Proceeding alleging that Plaintiff's PHYTOCEUTICALS trademark is merely descriptive or generic and based on Plaintiff's assertions to the contrary herein, there exists an actual, continuing, and substantial case or controversy between Defendant and Plaintiff having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding validity of Plaintiff's PHYTOCEUTICALS trademark.

59. Plaintiff's trademark PHYTOCEUTICALS has been in use since 1995 and is well established as a unique identifier of Plaintiff's products, including their quality, efficacy, and commitment to natural ingredients.

60. The term PHYTOEUTICALS has no general or generic meaning in common parlance, and is not found in the Merriam-Webster or Cambridge Dictionaries.

61. Plaintiff has adequately policed its trademark where it has become aware of infringing or confusingly similar uses, as exemplified by its initiation of the present action.

62. Plaintiff's trademark is distinctive and is valid and is not merely descriptive or generic.

63. Plaintiff's trademark registration U.S. Trademark Reg. No. 5,844,074 for the trademark PHYTOCEUTICALS is valid.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant the following relief:

A. An order adjudging Defendant to have infringed Plaintiff's federally registered trademark, PHYTOCEUTICALS, founded on Defendant's use of the SKIN DRINK PHYTOCEUTICALS trademark;

B. An order preliminarily and permanently enjoining the Defendant, its officers, employees, servants, and agents, and all persons in active concert, privity, or participation with them, from employing the trademark SKIN DRINK PHYTOCEUTICALS or any other name or trademark that contains the word PHYTOCEUTICALS or that would be confusingly similar to Plaintiff's trademark PHYTOCEUTICALS, for or in connection with any skincare, cosmetic, beauty, or health products;

C. An accounting to determine any profits Defendant has made in connection with its goods provided in connection with the infringing SKIN DRINK PHYTOCEUTICALS trademark and an award to Plaintiff of such profits;

D. An award of compensatory damages arising out of Defendant's infringement and trebling of such award, as provided by 15 U.S.C. § 1117;

E. An order that all labels, containers, prints, packages, wrappers, receptacles, and advertisements, having, showing, or employing any trademark or design enjoined above, shall be delivered up to Plaintiff and destroyed;

F. An order adjudging the Defendant to have violated 15 U.S.C. § 1125(a);

G. An order preliminarily enjoining and permanently enjoining Defendant, its officers, employees, servants and agents, and all persons in active concert, privity, or participation with them from violating 15 U.S.C. § 1125(a) by misleading prospective purchasers to believing that Defendant's products offered under the SKIN DRINK PHYTOCEUTICALS

trademark, are the same, synonymous with, endorsed by, authorized by, or are in any way related to Plaintiff's goods sold under the PHYTOCEUTICALS trademark and under Plaintiff's corporate name, Phytoceuticals, Inc.;

H. An award of compensatory damages resulting from Defendant's acts in violation of 15 U.S.C. § 1125(a);

I. An order adjudging Defendant to be unfairly competing with Plaintiff under the common law of the State of New Jersey;

J. An order preliminarily enjoining and permanently enjoining Defendant, its officers, employees, servants and agents, and all persons in active concert, privity, or participation with them from unfairly competing with Plaintiff;

K. An award of compensatory damages resulting from Defendant's acts of unfair competition and an accounting for an award of all profits realized by Defendant based on the aforesaid acts;

L. An award of punitive damages;

M. An order declaring that the Plaintiff's PHYTOCEUTICALS trademark is distinctive and valid and not merely descriptive or generic;

N. An order declaring that Plaintiff's trademark registration U.S. Trademark Reg. No. 5,844,074 is valid and should not be cancelled;

O. An award to Plaintiff of its reasonable attorney fees and costs in the action on the ground that this is an exceptional case; and

P. For such other relief as the Court determines to be just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by a jury on all issues so triable.

Respectfully submitted,

LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
*Attorneys for Plaintiff Phytoceuticals, Inc.*

Dated:   April 2, 2020          By:   s/ Paul H. Kochanski
                                      Paul H. Kochanski
                                      Kendall K. Gurule
                                      Tel:   908.654.5000
                                      E-mail: pkochanski@lernerdavid.com
                                              kgurule@lernerdavid.com
                                              litigation@lernerdavid.com

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

The undersigned hereby certifies, pursuant to Local Civil Rule 11.2, that with respect to the matter in controversy herein, neither Plaintiff nor Plaintiff's attorney is aware of any other action pending in any court, or of any pending arbitration or administrative proceeding, to which this matter is subject.

Dated:   April 2, 2020          LERNER, DAVID, LITTENBERG,
                                 KRUMHOLZ & MENTLIK, LLP
                                *Attorneys for Plaintiff Phytoceuticals, Inc.*


                                By:   s/ Paul H. Kochanski
                                      Paul H. Kochanski
                                      Kendall K. Gurule
                                      Tel:   908.654.5000
                                      E-mail: pkochanski@lernerdavid.com
                                              kgurule@lernerdavid.com
                                              litigation@lernerdavid.com